# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSUE BAEZ,<br>         Plaintiff,<br><br>v.<br><br>JOANNE DUGGAN, JEFFREY NOTARO, and<br>PAUL SILVESTRE, JR.,<br>         Defendants. | CIVIL ACTION<br>NO. 17-40109-TSH |

## ORDER
### August 19, 2019

**HILLMAN, D.J.**

### Background

Josue Baez ("Baez" or "Plaintiff") has filed suit against Joanne Duggan, Jeffrey Notaro, and Paul Silvestre, Jr., of the Clinton Police Department alleging violation of his civil rights under 42 U.S.C. §1983. The Plaintiff appeared for the initial scheduling conference after which, on December 14, 2017, the Court issued a Scheduling Order setting a status conference for March 2, 2018. The status conference was continued by the Court until March 12, 2018; at that conference, an attorney made a special appearance for Baez and informed the Court that he expected to file an appearance for all purposes. The attorney never filed an appearance for Baez and Baez failed to appear at the next scheduled status conference which was held on June 11, 2018. Thereafter, Baez filed a motion to appoint counsel, which was denied. Baez appeared for the next status conferences held on August 23, 2018 and September 14. 2018.  As set forth in more detail below and as discussed at the latter status conference, Defendants have noticed

Baez's deposition on multiple occasions and he has failed to appear.  On December 12, 2018, Defendants filed Defendants' Motion To Dismiss The Plaintiff's Complaint For Failure To Comply With The Court's Order To Appear For His Deposition And Failure To Prosecute (Docket No. 43). That motion is *denied*, without prejudice.

## Facts Relating To Motion

On April 4, 2018, counsel for the Defendants served a Notice of Taking of Deposition on Baez to appear for his deposition on May 28, 2018. On May 28, 2018, Baez failed to appear for his deposition and did not attempt to contact counsel to reschedule the same. On June 11, 2018, the Court held a Status Conference. Counsel for the Defendants appeared via teleconference; Baez failed to appear. In subsequent correspondence sent directly to the Court, Baez stated that he was currently incarcerated, but desired to pursue his claims upon his release on August 14, 2018.

On August 23, 2018, the Court held a Status Conference; Baez and counsel for the Defendants were present. The Court determined that an additional Status Conference was necessary so that the Court could provide an interpreter for Baez.  On September 14, 2018, the Status Conference was held and Baez was ordered to appear for his deposition at the United States District Court for the District of Massachusetts on October 12, 2018.

On October 2, 2018, counsel served a Re-Notice of Taking of Deposition of Baez. Baez was informed that due to a scheduling conflict the counsel whom he'd previously dealt with was unable to attend and therefore, Attorney Bradford Louison would be taking his deposition at the United States District Court for the District of Massachusetts on November 14, 2018, that an interpreter would be provided, that he should call the office to confirm that he will appear and that the Defendants would move to dismiss his claims for failure to prosecute if he failed to

appear for his deposition.  Additionally, the office of counsel for the Defendants attempted to contact Baez via telephone on October 10, 2018 and October 11, 2018 to relay this information to him and the phone number did not appear to be in service.

On November 14, 2018 at 10:00 a.m., Attorney Bradford Louison appeared at the United States District Court for the District of Massachusetts to take Baez's deposition as scheduled. Attorney Louison waited until 10:40 am for Baez to appear. Baez failed to appear, Attorney Louison went on the record to stated that Baez had failed to appear for his deposition at the at the United States District Court for the District of Massachusetts as ordered by the Court.

## Discussion

As summarized in Defendants' memorandum, Baez has failed on multiple occasions to appear for his noticed deposition and has failed to take any other action to move his case forward. Baez is proceeding pro se, however, he is obligated to comply with this Court's rules and procedures. *See United States v. Heller*, 957 F.2d 26, 31 (1st Cir. 1992). Further, a litigant's pro se status does not excuse his failure to comply with a scheduling order of the court nor relieve that person from the consequences of such failure. *Rosario-Diaz v. Gonzalez,* 140 F.3d 312, 315 (1st Cir. 1998)(litigants have unflagging duty to comply with clearly communicated case-management orders, and this duty extends to litigants who proceed pro se).

Plaintiff failed to appear for his deposition in defiance of this Court's order. As a result, Defendants seek to have this action dismissed for failure to prosecute. Plaintiff has submitted an opposition and two other submissions in which he simply states that his rights have been violated and he deserves his day in Court. More specifically, in these three submissions, Baez essentially summarizes the substance of his claims and asks that the Court find his civil rights were violated. While Baez acknowledges the fact that he failed to appear for a status conference, he offers no

justification for his absence. Additionally, he does not acknowledge his failure to appear for his deposition, nor does he state that he will do so in the future.

Under the circumstances, it is a close call as to whether due to Plaintiff's actions (or inactions as the case may be), his case should be dismissed. However, given that Plaintiff has on multiple occasions appeared before the Court in response to Court orders and has expressed that he intends to prosecute his case, I will give him one last opportunity to appear for his deposition and otherwise pursue his claims. Defendants shall notice Plaintiff's deposition which shall take place at the United States District Court, 595 Main Street, Worcester, MA at a date and time to be designated by the Defendants. If Plaintiff fails to appear, his case will be subject to dismissal and Defendants will also be allowed to file for attorney's fees and costs incurred.

## Conclusion

Defendants' Motion To Dismiss The Plaintiff's Complaint For Failure To Comply With The Court's Order To Appear For His Deposition And Failure To Prosecute (Docket No. 43), is **_denied_** without prejudice to renew should Josue Baez not appear for his deposition or otherwise fail to pursue his claims.

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
DISTRICT JUDGE